IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

vs.                              Criminal No. 6:14-cr-60033
                                 Civil No. 6:19-cv-06031

CEDRIC EASTER                                                  MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Cedric Easter ("Easter") who is proceeding *pro se.* On March 8, 2019, Easter filed

a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 120. After

being directed by the Court to respond, the Government filed a response to this Motion. ECF No.

123.

The Motion was referred for findings of fact, conclusions of law, and recommendations for

the disposition of the case. The Court has reviewed the Motion and the response; and based upon

that review, the Court recommends this Motion be **DENIED**.

1.    **Procedural Background**:

On November 19, 2014, Easter was charged in four counts of a five-count Indictment issued

by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. On July 31, 2015, Easter

pled guilty to Count 1 of the Indictment. ECF No. 58. Count 1 provided as follows:

> Beginning at a time unknown to the Grand Jury but at least as early as April, 2014,
> and continuing to present, in the Western District of Arkansas, Hot Springs Division,
> and elsewhere, the defendants, **CEDRIC EASTER, QUAYSHAUN WALKER,
> MARK ALSTON, WILLIAM JACOB aka "JAKE" PARKER,** and others known
> and unknown to the Grand Jury, did knowingly and intentionally combine, conspire,
> confederate and agree with each other, an with others known and unknown to the
> Grand Jury to distribute a controlled substance, namely, a mixture or substance that

contained methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1), all in violation of Title 21 U.S.C. § 846.

ECF No. 1 at 1.

Easter's Plea Agreement was submitted.  ECF No. 59.  A Presentence Investigation Report ("PSR") was prepared, and a final PSR was filed on August 31, 2016.  ECF No. 95.  In the PSR, Easter was assigned a base level offense of 36 with a two-level increase for possession of a dangerous firearm, a two-level increase for his role of the offense, and a two-level reduction for acceptance of responsibility.  *Id.*  This resulted in a total adjusted offense level of 38.  *Id.*  Easter was assigned a total criminal history score of 13 and a criminal history category of VI.  *Id.*  Easter's guideline term of imprisonment was found to be 360 months to life imprisonment, however, the statutory maximum was 240 months. *Id.*

On August 31, 2016, Easter appeared before Judge Hickey and was sentenced to 240 months imprisonment with credit for time served in federal custody, 3 years supervised release, and a $100 special assessment.  ECF No. 96.  The judgment was entered on August 31, 2016.  *Id.*  Easter appealed this judgment to the Eighth Circuit, and that appeal was dismissed.  ECF No. 114.  Easter then filed a petition for a writ of *certiorari* with the United States Supreme Court, and that petition was denied on February 20, 2018.  ECF No. 116-117.

On March 8, 2019, Easter filed a *pro se* Motion for Relief under 28 U.S.C. § 2255.  ECF No. 120.  The Government responded to this Motion on May 7, 2019.  ECF No. 123.  In this response, the Government claims Easter's Motion is barred because it was untimely filed.  *Id.*  Accordingly, the Government claims Easter's Motion must be dismissed.  *Id.*

-2-

2.    **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3.    **Discussion**:

The Government claims Easter's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Easter's Motion should be dismissed because it was untimely filed.

A.    **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, Easter's conviction became final on February 20, 2018 when his petition for a writ of *certiorari* was denied by the United States Supreme Court. *See United States*

*v. McIntosh,* 332 F.3d 550, 550-51 (8th Cir. 2003) (recognizing a judgment of conviction becomes final, and § 2255 limitation period begins to run, on the date the Supreme Court denies certiorari petition). Thus, Easter had until February 20, 2019 to file a timely § 2255 motion. In the present action, Easter filed his § 2255 Motion on March 8, 2019. ECF No. 120. Thus, it was untimely filed.[1] Accordingly, the Court lacks jurisdiction to consider the merits of his claims.

### B.    Tolling of the Statute of Limitations

Easter's claims are barred by the limitations period unless he can establish the period was tolled. The Eighth Circuit Court of Appeals has found the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions but only where there are exceptional circumstances, such as the following: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep the movant from filing in a timely fashion; or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct. *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006).

Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his or her actions. *Id.* The movant has the burden of establishing that equitable tolling should apply. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2015) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

Here, Easter has not demonstrated that equitable tolling should apply in his case. Notably, he has not even alleged that any extraordinary and wholly external circumstances prevented him from seeking federal *habeas corpus* relief in a timely manner. Therefore, AEDPA's one-year statute

---

[1] Even giving Easter the benefit of the doubt with the prison mailbox rule, *see United States v. Harrison,* 469 F.3d 1216, 1217 (8th Cir. 2006), assuming Easter's pleading was placed in the prison mailing system on February 25, 2019, the day he signed it, the petition is unitmely.

of limitation applies in this case, and Easer's § 2255 Motion is untimely and should be dismissed.

**4.**    <u>**Conclusion**</u>:

Easter's Motion is time-barred under the AEDPA one-year statute of limitations.  At the very latest, he was required to file his 28 U.S.C. § 2255 Motion by February 20, 2019.   Here, Easter waited until March 8, 2019 to file his 28 U.S.C. § 2255 Motion.  Thus, this Court has no jurisdiction over this Motion.

**5.**    <u>**Recommendation**</u>:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 120) be **DENIED** and dismissed with prejudice.[2]  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **23rd  day of August 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*